UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY $28,000.00 IN U.S. CURRENCY,<br><br>　　　　　Defendant. | No.  2:22-cv-00290-DAD-CKD<br><br><br>FINDINGS & RECOMMENDATIONS<br><br>(ECF No. 20) |

**I.　　Introduction**

　　　　The United States of America ("the Government") brings this in rem action seeking forfeiture, under 21 U.S.C. § 881(a)(6), of the defendant $28,000.00 ("defendant currency") as money furnished or intended to be furnished in exchange for a controlled substance.  Pending before the court is the Government's motion for entry of default judgment (ECF No. 20), which was submitted without a hearing under Local Rule 540(d).[1]  No opposition has been received. Upon review of the motion, supporting documents, and good cause appearing, the court now recommends that the motion be GRANTED.

////

////

---

[1] This case was referred to the undersigned pursuant to Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

1

## II. Background

This case is proceeding on the verified complaint for forfeiture in rem ("complaint") filed February 15, 2022. (ECF No. 1.) The complaint makes the following factual allegations.

On or about October 26, 2020, the U.S. Postal Inspection Service ("USPIS") seized the defendant currency. (Id. ¶ 2.) The defendant currency is currently in the custody of the USPIS. (Id.; ECF No. 6, Notice of Arrest.) On or about October 23, 2020, law enforcement conducted a postal interdiction operation during which time it identified a parcel that bore characteristics consistent with illegal drug trafficking, including a handwritten postal label. (ECF No. 1 ¶ 5.) The parcel was addressed to Mike Saephan at the UPS Store at 1900 East Oro Dam Blvd. E, Suite #12, Oroville, California 95966 with a return address to Diontae Price at 2319 Victor Street, Apt 2, Cincinnati, OH 45219. (Id. ¶ 6.)

On October 26, 2020, after various attempts to contact the addressee, law enforcement received a call from a caller who identified himself as Mike Saephan. (Id. ¶ 7.) When asked, Saephan confirmed that he was expecting a parcel from Cincinnati, Ohio—but from someone named Monica, whom he identified as Diontae Price's sister. (Id.) Law enforcement informed Saephan that a canine trained and certified in the detection of narcotics positively alerted to the parcel for the odor of drugs. (Id.) Saephan stated that the parcel contained $29,000 in cash, not drugs. (Id.)

Saephan consented to having law enforcement open the parcel. (Id. ¶ 8.) Inside the Priority Mail Express envelope was a second Priority Mail Express envelope which contained a third Priority Mail Express envelope. The innermost envelope contained a vacuum sealed plastic bag with a white t-shirt—inside of which were two vacuum sealed plastic bags containing bundles of cash secured with rubber bands. (Id.) A later bank count of the cash totaled $28,000. (Id.)

When law enforcement spoke with Saephan again, Saephan said that the cash was his savings from when he lived in Cincinnati with Monica; and that she had sent it to him when their relationship ended so that he could start a food business. (Id. ¶ 9.) Saephan has a drug-related criminal history dating back "at least two decades" in the state of California. (Id. ¶ 12.)

2

The Government seized the $28,000 under 21 U.S.C. § 881(a)(6) as money furnished or intended to be furnished in exchange for a controlled substance. (Id. ¶¶ 9, 14.)

Pursuant to this court's order of February 16, 2022, notice of this action was published on the official internet government forfeiture site www.forfeiture.gov and ran for at least thirty consecutive days, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions. (ECF Nos. 3 (Order for Publication) and 15 (Declaration of Publication).)

With respect to the first potential claimant, on February 18, 2022, copies of the complaint and related documents were sent by first-class and certified mail to Meuy Saephan at his last known address in Oakland, California. (ECF No. 20.1 ¶ 3, Ex. A.) The first-class mail package was returned as "insufficient address, unable to forward," and the certified mail package was returned as "attempted – not known, unable to forward." (Id. ¶ 3.)

On February 18, 2022, copies of the complaint and related documents were also sent by first-class and certified mail to the attorney who submitted a claim on behalf of Meuy Saephan in the USPIS's administrative forfeiture of the asset. (Id. ¶ 4, Ex. B.) The PS Form 3811 delivery card was signed on February 24, 2022. (Id. ¶ 4.)

Further, on March 7, 2022, the U.S. Marshals Service attempted to personally serve the same documents on Meuy Saephan at his last known address in Oakland; but that address turned out to be an abandoned church. (Id. ¶ 5, Ex. C.) On March 11, 2022, the same documents were sent by first-class and certified mail to Meuy Saephan at his last known address in San Pablo, California. (Id. ¶ 6, Ex. D.) The PS Form 3811 delivery card was signed on March 14, 2022. (Id. ¶ 6.) On March 21, 2022, the U.S. Marshals Service also posted the documents on the front door at the same San Pablo address. (Id. ¶ 7, Ex. E.)

With respect to the second potential claimant, on February 18, 2022, copies of the complaint and related documents were sent by first-class and certified mail to Mike Saephan at his last known address in Oroville, California. (Id. ¶ 8, Ex. F.) Both packages were returned as "attempted – not known, unable to forward." (Id. ¶ 8.)

////

On February 18, 2022, copies of the complaint and related documents were also sent by certified mail to Mike Saephan at the same UPS Store address to which the seized parcel had been sent. (Id. ¶ 9, Ex. G.) The PS Form 3811 delivery card was signed on February 22, 2022. (Id.) On March 15, 2022, the U.S. Marshals Service also posted the documents on the front door at Mike Saephan's Oroville address. (Id. ¶ 10, Ex. H.)

With respect to the third potential claimant, on February 18, 2022, copies of the complaint and related documents were sent by first-class and certified mail to Diontae Price at the same Cincinnati return address listed on the seized parcel. (Id. ¶ 11, Ex. I.) The certified mail package was returned as "unclaimed" on March 28, 2022, while the first-class mail package was not returned. (Id. ¶ 11.)

On March 15, 2022, the U.S. Marshals Service also attempted to personally serve the documents on Diontae Price at the same Cincinnati address; but the current resident informed the Deputy Marshal that they had lived there for over three years and had no knowledge of a Diontae Price. (Id. ¶ 12, Ex. J.) USPIS Inspectors were unable to associate Diontae Price with the Cincinnati address listed on the parcel, and local postal personnel stated that while the address is a valid deliverable address, it is a single-family dwelling (i.e., without apartment numbers). (ECF No. 16.2 ¶ 4.) A USPIS Inspector avers that for these reasons, she believes "Diontae Price" to be a fake name used to conceal the true identity of the sender of the parcel containing the seized cash. (Id. ¶ 5.)

The deadline for filing a claim has passed with no claim or answer being filed by, or on behalf of, Meuy Saephan, Mike Saephan, or Diontae Price as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, to contest this action. (ECF No. 20.1 ¶ 13.)

On June 17, 2022, at the Government's request, the Clerk of Court entered default as to Meuy Saephan, Mike Saephan, or Diontae Price, pursuant to Fed. R. Civ. P. 55(a). (ECF No. 17.)

### III. Legal Standard

"The Due Process Clause of the Fifth Amendment guarantees that '[n]o person shall . . . be deprived of life, liberty, or property, without due process of law.' Our precedents

establish the general rule that individuals must receive notice and an opportunity to be heard before the Government deprives them of property." United States v. James Daniel Good Real Prop., 510 U.S. 43, 48 (1993) (citations omitted). Due process is satisfied when the Government complies with the notice requirements set forth by statute and in the federal and local rules of procedure.

Civil forfeitures of real property are governed generally by 18 U.S.C. § 985. Forfeiture actions in rem arising from a federal statute are governed by the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule" or "Supp. Rule"). United States v. Real Prop., 135 F.3d 1312, 1315 (9th Cir. 1998); see also Supp. Rule A(1)(B), and Supp. Rule G (setting forth specific procedural and notice requirements). These rules are reflected in the Local Admiralty and In Rem Rules for the U.S. District Court for the Eastern District of California ("Local Rule"), which govern all in rem proceedings filed in this court. See Local Rule 500. Local Rule 540 sets forth the procedures for obtaining default judgment in an action in rem.

## IV.   Analysis

Local Rule 540(d) provides for an ex parte hearing and entry of default judgment, without further notice, at any time after the time for answer has expired, provided due notice of the action has been given and no one has appeared to claim the property and give security thereof. The Government has demonstrated compliance with these requirements.

### A.   Notice

Supplemental Rule G(4) requires the Government to provide both general notice to the public and direct notice of the forfeiture action to any known person who reasonably appears to be a potential claimant. Fed. R. Civ. P. Supp. G(4)(a), (b).

#### 1.   Published Notice

Rule G(4)(a)(ii) provides that "a published notice must: (A) describe the property with reasonable particularity; (B) state the times under Rule G(5) to file a claim and to answer; and (C) name the government attorney to be served with a claim and answer." Here, the Government published the required notice of the Government's complaint on the official internet government

forfeiture site (www.forfeiture.gov) for 30 consecutive days, beginning on March 31, 2022.[2] (ECF No. 15 (Declaration of Publication).) The notice describes the amount of currency ($28,000.00), and location of its seizure (West Sacramento, California), and states that claims and answers under Rule G(5) must be brought within 60 days from the first day the notice is published. (Id. at 3.) The notice also names Kevin Khasigian as the government attorney to be served with the claim and answer. (Id.) Thus, the government has satisfied the requirements of Rule G(4)(a)(ii).

### 2.  Notice to Claimants

Rule G(4)(b) sets forth the requirements for notice to known potential claimants. It provides that "[t]he government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." Fed. R. Civ. P. Supp. G(4)(b)(i). The notice must state "(A) the date when the notice is sent; (B) a deadline for filing a claim, at least 35 days after the notice is sent; (C) that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim; and (D) the name of the government attorney to be served with the claim and answer." Fed. R. Civ. P. Supp. G(4)(b)(ii).

Here, the government complied with this rule by sending notice of the action and a copy of the complaint to the potential claimants, Meuy Saephan, Mike Saephan, or Diontae Price, by first-class and certified mail. (See ECF No. 20.1 ¶¶ 3, 4, 6, 8, 9, 11 & Exs. A, B, D, F, G, I.) The mailed notices included copies of the complaint and related documents. (Id. at Exs. A, B, D, F, G, I.) As to the sufficiency of the notices sent, they properly list a 35-day deadline for filing a claim and a 21-day deadline for submitting an answer or a motion under Rule 12, as well as naming Kevin C. Khasigian as the government attorney to be served with the claim and answer. (Id.)

Finally, Rule G(4)(b)(iii)(A) provides that "[t]he notice must be sent by means reasonably calculated to reach the potential claimant." Here, the certificates of service show that the

---

[2] A previous Notice of Forfeiture, published on February 17, 2022, erroneously referenced an incorrect case number. (See ECF No. 20 at 7.)

Government served the complaint for civil forfeiture and notice of this forfeiture action upon Meuy Saephan, Mike Saephan, or Diontae Price by first-class mail and certified mail.  (Id.) Moreover, both potential claimants Meuy Seaphan and Mike Saephan (the only two non-fictitious persons) also received notice of the proceedings by the U.S. Marshals Service posting the notices at the front door of at least one of their last known addresses.  (See ECF No. 20.1 ¶¶ 5, 7, 10 & Exs. C, E, H.)

In sum, the Government has adhered to the procedural rules governing civil forfeiture actions as required by federal statute, the Supplemental Rules for Certain Admiralty and Maritime Claims, and the Admiralty Local Rules.  The court now turns to whether default judgment is warranted.

**B.      Entry of Default Judgment is Proper**

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk is required to enter default when the fact of default is established by affidavit or otherwise.  Fed. R. Civ. P. 55(a).  The Clerk's entry of default against Meuy Saephan, Mike Saephan, or Diontae Price effects their admission of the factual allegations of the complaint, except those relating to the amount of damages.  See Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).

The court finds that the well pleaded allegations of the verified complaint state a claim for which relief can be granted.  Specifically, accepting as true the factual allegations of the verified complaint, the Government has demonstrated that defendant currency was used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§ 841, et seq. (prohibiting the manufacturing, distributing, dispensing or possessing of a controlled or counterfeit substance), an offense punishable by more than one year's imprisonment, and therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).

It remains within the sound discretion of the district court to grant a default judgment pursuant to Federal Rule of Civil Procedure 55(b).  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th

Cir. 1980). In making this determination, the court must consider the following factors set forth in Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

The Government seeks a final judgment of forfeiture against Meuy Saephan, Mike Saephan, or Diontae Price as potential claimants of the defendant currency, and against all other potential interests. This is consistent with the nature of forfeiture in rem proceedings. See Hanson v. Denckla, 357 U.S. 235, 246 n.12 (1958) (explaining that "[a] judgment in rem affects the interests of all persons in designated property"). Application of the Eitel factors supports entry of default judgment.

First, the Government would be prejudiced by the denial of its motion, spending additional time and effort litigating an action in which the claimants have abandoned their claims to the defendant currency. Further, given that no party has attempted to oppose the complaint or otherwise make a claim against the defendant currency, if the Government's motion is not granted, it will have no other opportunity to establish its right to the currency.

Second, the Government's claim appears to have merit. See United States v. Currency, U.S. $42,500.00, 283 F.3d 977, 982–83 (9th Cir. 2002) (holding that narcotics-detection canine's alert is "an important factor in determining probable cause" and provides evidence of a link between seized money and controlled substances); United States v. $22,474 in U.S. Currency, 246 F.3d 1212, 1217 (9th Cir. 2001) ("Evidence of a prior drug conviction is probative of probable cause."); United States v. U.S. Currency $83,310.78, 851 F.2d 1231, 1236 (9th Cir. 1988) (claimant's prior arrests and convictions on drug charges "are circumstances demonstrating more than mere suspicion of his connection with an illegal drug transaction."); United States v. $79,010.00 in United States Currency, 2012 U.S. Dist. LEXIS 48148, at *19 (D. Ariz. Apr. 4, 2012) (finding substantial connection between money seized and a drug trafficking offense based on, as relevant, (1) money packaged in rubber bands in four layers of plastic bags, (2) presence of

vacuum seal bags typically used in drug trafficking, (3) canine alert to scent of drugs, and (4) recipient's prior drug trafficking convictions.

Third, as set forth above, the Government has adhered to the procedural requirements of a forfeiture action in rem, including the filing of a sufficiently verified complaint. Fourth, the defendant currency that was seized and subject to forfeiture is not of such substantial value as to warrant denial of the Government's motion. Fifth, the potential claimants were properly served with notice of this action and instructions on how and when to enter a claim. No claim or answer has been filed. On the record before this court, there is no evidence of a genuine dispute concerning the material facts. Sixth, there is no evidence that Meuy Saephan, Mike Saephan, or Diontae Price's abandonment was due to excusable neglect. Seventh and finally, although merits-based decisions are always preferred, Eitel, 782 F.2d at 1472, it is not practical here where the potential claimants have abandoned their claims.

Accordingly, there is no impediment to default judgment sought by the Government and the court will recommend that the motion be granted.

## V. Conclusion

For the above reasons, IT IS HEREBY RECOMMENDED that

1. The Government's motion for default judgment (ECF No. 20) be GRANTED;
2. Default judgment be entered against any right, title, or interest in defendant currency held by potential claimants, including Meuy Saephan, Mike Saephan, or Diontae Price; and
3. Final judgment be entered, forfeiting all right, title, and interest in the defendant currency to the United States, to be disposed of according to law.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

////

////

failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 30, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.curr.0290